TWIN-CITY BIBLE CHURCH, Plaintiff-Appellee, *v.* THE ZONING BOARD OF APPEALS OF THE CITY OF URBANA *et al.*, Defendants-Appellants.

Fourth District   No. 14076

Opinion filed August 1, 1977.

Kenneth N. Beth, Associate City Attorney, of Urbana, for appellants.

Winkelmann and Winkelmann, of Urbana, for appellee.

Mr. JUSTICE KASSERMAN delivered the opinion of the court:

The zoning authorities of the defendant City of Urbana determined that plaintiff's proposed use of a residence across the street from its church structure constituted a use not permitted by its zoning ordinance.

The facts are not in dispute by reason of a stipulation in the circuit court. Plaintiff has a sanctuary, offices and meeting rooms at 810 West Michigan Avenue, Urbana, and also owns two residential structures at 806 and 808 West Michigan. The plaintiff applied for both an occupancy and a use permit for the residential structure at 811 West Michigan for a Sunday School and religious education classes. The anticipated frequency of this proposed use was stated to range from 8:30 a.m. to 1:30 p.m. and from 4:30 p.m. to 8:30 p.m. on Sundays and from 6:30 p.m. to 10:30 p.m. from time to time on weekdays. The use permit was denied by the zoning administrator on July 24, 1975, on the ground that the use proposed was not a church but an educational facility, which is not permitted under the lot's zoning. Plaintiff appealed to the Board of Zoning Appeals which, on September 2, 1975, by a four to three vote, refused to overturn the decision of the zoning administrator.

The plaintiff has an average Sunday attendance of 1,000 persons, most of whom are University of Illinois students. The structures at 806 and 808 West Michigan were acquired to accommodate the increased membership. For the same reason, plaintiff took an option to acquire the premises at 811 West Michigan to be used for adult Sunday School classes,

Sunday morning activities, evening church meetings, study groups, ladies fellowships and membership classes. 811 West Michigan is separated from the other church buildings by a 60-foot street right-of-way. The street itself is 25 feet curb-to-curb. The 811 Michigan address is situated in the R-S zoning district, which is primarily a single-family dwelling district with exceptions being made for churches and certain accessory buildings, as well as other exceptions not material to the cause.

The church filed a complaint under the Administrative Review Act (Ill. Rev. Stat. 1975, ch. 110, par. 264 *et seq.*). The circuit court subsequently found that the intended use falls within the definition of "church" and that the ordinance did not violate any constitutional prohibitions. Therefore, the ruling of the Zoning Board of Appeals was reversed and the court ordered the requested occupancy permit to issue. Defendants filed a timely appeal from the decision of the circuit court.

Under Urbana's zoning ordinance, a church is permitted full use of its sanctuary and any buildings acquired for accessory use; however, to constitute a permitted accessory use to the established church structure, the ordinance requires that such buildings be on the same lot designated for the principal use. The ordinance defines a "lot" as a parcel of land occupied or suitable for occupancy by a use permitted by the ordinance, including one main building or use, with accessory buildings and the open spaces or parking spaces required by the ordinance.

Defendant city contends that the premises at 811 West Michigan is located across the street and separated from plaintiff's other property by a right-of-way of 60 feet, owned by the city for street purposes and that plaintiff's use should not be permitted as an accessory use because of its nonadjacent location. Plaintiff argues that 811 West Michigan is an adjoining premises by reason of the fact that the defendant's zoning ordinance defines "adjoining" as to mean bordering, touching or contiguous and provides that if two lots are separated by a street or public alley greater than 28 feet wide, the two lots shall not be deemed adjoining. Plaintiff contends that since the ordinance does not define a street, a street would be limited to its paved portion, which in this case is only 25 feet wide.

Although each party examines the intricate details of the applicable provisions of defendant's zoning ordinance, defendant in his brief states that there are two issues presented for review: (1) Whether the circuit court erred in finding plaintiff's proposed use of a residential premises qualified as a "church" and, hence a permitted use under the applicable provisions of its zoning ordinance; and (2) whether the court erred in ordering that the occupancy permit requested by plaintiff be directed to issue.

In response, plaintiff contends there is one additional issue, which is

whether defendant's zoning ordinance is unconstitutional as applied to plaintiff if such ordinance is properly construed to prohibit the use of the property involved in the intended manner.

■■ Defendant City of Urbana and its zoning authorities acknowledge that the impact of zoning upon churches cannot be determined in accordance with the usual rules because of the interests protected by the first amendment to the United States Constitution. (*Columbus Park Congregation of Jehovah's Witnesses, Inc. v. Board of Appeals* (1962), 25 Ill. 2d 65, 182 N.E.2d 722.) However, In *Columbus Park*, the supreme court expressed no doubt that the location of churches could be regulated in a proper case.

The city contends that the plaintiff's use of the building in question must stand on its own without reference to the plaintiff's use of the property across the street. The use contemplated by plaintiff, argues the city, is not a "church." Instead, it is contended that the use contemplated is more in the nature of an institution of an educational, philanthropic or eleemosynary nature. Since the facts are stipulated, and since "church" is not defined by the ordinance, the question of whether or not plaintiff's proposed use as a "church" is a question of law.

■■■ In construing the defendant's zoning ordinance, its terms are to be given their ordinary and usual meaning; it is the use planned and not the nature of the using organization which controls. (*La Salle National Bank v. The Thresholds* (1975), 27 Ill. App. 3d 635, 327 N.E.2d 22; *County of Lake v. Gateway Houses Foundation, Inc.* (1974), 19 Ill. App. 3d 318, 311 N.E.2d 371.) A church has been generally defined as a building consecrated to God, regularly used for worship (see Annot., 62 A.L.R.3d 197 (1975)). Defendant's basic argument is that the intended use of the premises at 811 West Michigan does not constitute a church use. While admitting that it has been unable to find an Illinois case determining what type of use constitutes a church use, defendant cites cases holding that uses for religious rites or educational purposes with daily religious instruction and divine worship services were not churches under the applicable zoning ordinances. Each party refers to the annotation at 62 A.L.R.3d 197 in support of its contentions. This annotation discusses cases in which ordinances, rather than classifying a permitted use as a "church," contains a classification of "religious uses." Obviously, under the second classification, much broader actual uses are permissible, such as day care centers, drug centers and dormitories for seminary students. Plaintiff's answer is that a church cannot narrowly be defined as one building where services are held. For this proposition, it cites authority in the annotation where uses, in parts of a complex or on premises where there is also a church within a common conception, were held to be within the permitted classification of a "church." These uses include a coffee house, a

lighted baseball field, convents and schools. In each of these cases, the activities were taking place on the same lot upon which the church building was located. The same uses would be permitted under Urbana's ordinance if they were performed on the same or adjoining zoning lot as plaintiff's sanctuary building.

We agree with plaintiff's contention that the contemplated use is use as a "church." To hold otherwise would be to permit a different church to acquire the premises at 811 West Michigan and found a new church and at the same time deny an existing church an opportunity to expand. We hold that the stipulated intended use for adult Sunday School classes, Sunday morning activities, Wednesday evening church meetings, study groups, ladies fellowship and membership classes constitute a use as a "church" and is a permitted use under defendant's zoning ordinance in R-S zoning district. Such activities are as much a fundamental element of a church as is formal worship in the sanctuary.

We agree with the defendant, however, that the trial court erred in directing the issuance of an occupancy permit.

There is no showing that a plot plan has been filed or a life safety inspection has ever been accomplished as required by defendant's building and life safety codes. Consequently, defendant has not had the occasion to determine the propriety of issuing plaintiff an occupancy permit. The trial court was correct in holding that the intended use of the premises under consideration was a church and we affirm its decision on that point. However, the court's determination that plaintiff be issued an occupancy permit was in error. Consequently, we reverse that part of the judgment and order and remand with directions that the trial court enter an order that a use permit be issued to plaintiff.

Affirmed in part, reversed in part, and remanded.

CRAVEN, P. J., and REARDON, J., concur.